IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**ROSE DIAZ**                                                                                               **PLAINTIFF**

**V.**                            **CASE NO. 3:25-CV-3001**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                            **DEFENDANT**

## ORDER

Plaintiff Rose Diaz alleges that, on August 2, 2024, she was involved in a motor vehicle accident caused by an underinsured motorist. (Doc. 2, pp. 2–3). According to the Complaint, Ms. Diaz had an automobile insurance policy with Defendant State Farm Mutual Automobile Insurance Company that included a provision for underinsured motorist coverage, and State Farm has failed to pay out money owed Ms. Diaz under this provision. *Id.* at p. 3. Ms. Diaz brings this suit against State Farm for breach of contract (Count I) and unjust enrichment (Count II). *Id.* at p. 4.

State Farm filed the instant Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7), seeking to dismiss the unjust enrichment claim under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept the complaint's factual allegations as true and draw all reasonable inferences in the non-moving party's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 669 (8th Cir. 2009).

Ms. Diaz did not respond to the instant Motion, and "[c]ourts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing

arguments." *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) (citations omitted); *see also Demien Const. Co. v. O'Fallon Fire Prot. Dist.*, 812 F.3d 654, 657 (8th Cir. 2016) (agreeing the plaintiff had abandoned a claim by failing to respond to defendant's argument on that claim at the 12(b)(6) stage). Here, the Court construes Ms. Diaz's failure to respond as an abandonment of her alternative cause of action for unjust enrichment.

Moreover, to prevail on an unjust enrichment claim, "a party must have received something of value, to which he was not entitled and which he must restore." *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 536 (1986). Under Arkansas law, generally, the "doctrine of unjust enrichment does not apply to valid, legal, binding contracts." *Varner v. Peterson Farms*, 371 F.3d 1011, 1018 (8th Cir. 2004). Here, neither party disputes the existence of a written insurance policy between the parties. (Doc. 2, p. 4; Doc. 7, ¶ 10). Thus, the crux of the matter is not that Ms. Diaz conferred a benefit on State Farm to which it was not entitled, but rather that State Farm did not uphold its contractual obligation.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 7) is **GRANTED**; Plaintiff's unjust enrichment claim is **DISMISSED**.

**IT IS SO ORDERED** on this 3rd day of April, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE